UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| LOUIS D. AMIR, | ) | CASE NO. 1:08 CV2509 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ARTHUR I. HARRIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* Louis D. Amir filed this civil rights action against Arthur I. Harris,[1] David O. Simon, Richard Baumgart, Richard D. Barr, Lisa A. Vardzel and the law firm of Dettlebach, Sicherman & Baumgart. He asserts federal question jurisdiction and seeks "damages under Bivens, the Federal Tort Claims Act 28 U.S.C. § 2671 et al. (FTCA), and 42 U.S.C. §§ 1985 and 1986." (Compl. at 5.) It is his claim that the Defendants willfully and negligently engaged in unauthorized policies and practices that violated his Constitutional rights during the course of his Bankruptcy proceedings. " (Compl. at 5.) Mr. Amir seeks compensatory and punitive damages to be determined at trial.[2]

---

[1] Although Mr. Amir does not identify the title, position or relevance of any defendant in this action, he is apparently referring to United States Bankruptcy Judge Arthur I. Harris in the Northern District of Ohio.

[2] The prayer for relief states "plaintiff Anthony Harris requests judgment against defendants;"
(continued...)

*Background*

Seeking relief under Chapter 13 of the Bankruptcy Code, Mr. Amir filed a *pro se* petition in the United States Bankruptcy Court for the Northern District of Ohio on May 16, 2008. Mr. Amir, who is African American, notes that defendants Harris, Simon, Baumgart, Barr and Vardzel, who are all Caucasian, began meeting in July 2008 to secretly discuss his Bankruptcy petition.[3] The alleged purpose of these meetings was "to deprive plaintiff of his assets under Chapter 7 rather than the Chapter 13 that he had filed." (Compl. at 3.) Allegedly without notice, his Chapter 13 petition was converted to a Chapter 7 petition on August 4, 2008.

During the course of the bankruptcy proceedings, the defendants allegedly furnished fraudulent documents to the court of which he made the court aware. Moreover, he claims Judge Harris engaged in *ex parte* communication with "the Defendant concerning the Defendants conclusions as to a matter in dispute." (Compl. at 3.) He adds that Judge Harris "relied upon this information to decide relevant issues in the Bankruptcy proceedings." (Compl. at 3.)

Mr. Amir contends that in any case involving an African American debtor over which Judge Harris has presided, and which involved defendants Simon, Baumgart, Barr and Vardzel, the defendants sought to deprive the debtors of their "rights and properties" based on race. He asserts that this was accomplished by converting their petitions from a Chapter 13 action to a Chapter 7 action "in a manner inconsistent with due process and fundamental fairness." (Compl. at 3.) He notes that from 2000 until 2008, the number of petitions filed by African Americans that were

---

[2](...continued)
however, the court presumes this is a typographical error based on a complaint drafted by another litigant.

[3] There is no explanation of what role or interest the defendants have regarding Mr. Amir.

converted from Chapter 13 to Chapter 7 tripled when compared to the number of similar petitions filed by Caucasian debtors during the same time period.

*Analysis*

Mr. Amir sets forth three claims for relief, namely: (1) conspiracy, (2) racially motivated scheme to deprive him of his constitutional rights in a Bankruptcy proceeding in violation of 42 U.S.C. §1985, and (3) "aiding and abetting." There is little substance to his allegations beyond his assertion that he has been injured by the actions of the defendants based on his race. Although Mr. Amir mentions *Bivens*, the FTCA, and 42 U.S.C. §1986 in passing, none of these is mentioned under his specific claims for relief.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[4] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

*Judicial Immunity*

As a threshold matter, Mr. Amir's complaint against the Honorable Arthur I. Harris

---

[4] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

should be dismissed on the basis of judicial immunity. The doctrine of judicial immunity holds that judges are absolutely immune from liability for damages for acts which are performed in a judicial capacity. *Forrester v. White*, 484 U.S. 219, 227-28 (1988). The clear purpose of this doctrine is to permit judges to freely exercise their duties without fear of harassment from dissatisfied litigants. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). In this case, Mr. Amir has alleged that Judge Harris engaged in *ex parte* communications. No allegation has been made that Judge Harris was not acting in his official judicial capacity at the time of the alleged wrong. It is apparent that plaintiff, by disagreeing with Judge Harris's decision to convert his Chapter 7 petition to a Chapter 13 petition, is challenging an act which Judge Harris performed in his official judicial capacity. Accordingly, the doctrine of judicial immunity applies to bar Mr. Amir's complaint against Judge Harris.

*42 U.S.C. § 1985*

Mr. Amir claims, without further elaboration, that defendants knowingly agreed to "participate and join a scheme to deprive [him] . . . of the rights afforded to him by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution." (Compl. at 6.) He contends, further, that these violations were motivated by the fact that he is African American.

The relevant statute provides:

> (3) Depriving persons of rights or privileges
>
>> If two or more persons in any State or Territory conspire . . ., for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the

-4-

> equal protection of the laws; . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). Mr. Amir attempts to create a claim based on a number of conclusory statements that he was discriminated against when his Chapter 7 petition was converted to a Chapter 13 petition.

This argument, however, falls short of the purpose of §1985(3), which is concerned only with conspiracies to deny equality of rights. The gravamen of a claim under s 1985(3) is the denial of equal protection or equal privileges and immunities. While Mr. Amir falls within a protected class as an African American, he has failed to set forth a claim that the conversion of a Chapter 7 petition to a Chapter 13 petition is a *per se* denial of any constitutional rights. As a matter of law, a bankruptcy court may convert a Chapter 7 petition for any reason enumerated in the statute. *See* 11 U.S.C. § 1307(c). From Mr. Amir's perspective, simply converting a Chapter 13 petition to a Chapter 7 is an injury in itself. That belief cannot sustain his claim. The court need not accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981). Mr. Amir does not state a violation of the Constitution, and thus fails to set forth a civil rights claim.

This is neither an appeal of the Bankruptcy court's judgment to convert Mr. Amir's petition nor a motion for relief from the Order under Federal Civil Rule 60 made applicable to bankruptcy cases by Rule 924, Rules of Bankruptcy Procedure. Rather, it is a collateral attack because it challenges any conversion of a Chapter 13 petition to a Chapter 7 and not the Bankruptcy court's Order of Conversion. Collateral attacks refer to the method of attempting to circumvent an

earlier ruling by filing a subsequent action. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992) ("In Chicot County[, supra], we held that a judgment rendered in a case in which it was ultimately concluded that the District Court was without jurisdiction was nonetheless *res judicata* on collateral attack made by one of the parties.").

As the name implies, "[t]he collateral attack doctrine precludes litigants from collaterally attacking the judgments of other courts." *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 902 (9th Cir.2001). This doctrine has been repeatedly reaffirmed by the Supreme Court. *Celotex Corp. v. Edwards*, 514 U.S. 300 (1995). Thus, Mr. Amir is precluded from attempting to secure compensatory damages by collaterally attacking a decision which he failed to successfully attack on direct appeal.[5]

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[6]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 11/17/08

---

[5] There is no allegation that Mr. Amir attempted to appeal the Bankruptcy court's decision. Whether a case is properly converted should, however, be appealed within ten days of the entry of a bankruptcy court's order. FED. R. BANKR. P. 8002; *Vista Foods U.S.A., Inc. v. Unsecured Creditors' Comm. (In re Vista Foods U.S.A., Inc.)*, 202 B.R. 499 (10th Cir. BAP 1996) (per curiam) (holding that a court order converting a debtor's Chapter 11 case to a Chapter 7 case was a final order for purposes of appeal).

[6] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.